UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMILIO NODAL,

      Petitioner,

v.                                                          Case No.:  2:26-cv-01916-SPC-NPM

WARDEN, SOUTH FLORIDA
DETENTION CENTER *et al.*,

      Respondent,

_____/

## OPINION AND ORDER

Before the Court are petitioner Emilio Nodal's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Nodal is a native of Cuba who entered the United States without inspection in 1979.  Following multiple convictions in 1985 and 1989, an immigration judge ordered Nodal removed to Cuba on February 17, 1995.  Immigration and Customs Enforcement ("ICE") placed him on an order of supervision on April 30, 2019.  On December 20, 2025, a border patrol agent arrested Nodal outside his home in a targeted operation.  ICE initially detained him at Alligator Alcatraz.  Nodal agreed to voluntarily depart the country and requested removal to Cuba, Mexico, or any other Latin American country.  ICE brought Nodal to a facility near the Mexican border twice but did not give him an opportunity to self-deport.  Nodal challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The government incorrectly argues Nodal is detained under 8 U.S.C. § 1226(a). "Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after." *Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021). "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Nodal has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE has been unable to remove him since his December 2025 arrest despite his desire to leave the country and his willingness to voluntarily depart. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Nodal will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Nodal to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Emilio Nodal's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Nodal within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

2. Within 48 hours of this Order, the respondents shall file a certification that Nodal has been released.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record